UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BRENDA LEE,

                Plaintiff,

                -v.-

CITY UNIVERSITY OF NEW YORK; MR. TOBACK; PROFESSOR BUTTARO; PROFESSOR HESSI; DEAN MICHAEL POINTDEXTER; REBECCA CARADO; and JOHN DOE BIO II PROFESSOR,

                Defendant.

24 Civ. 94 (KPF)

**ORDER**

---

KATHERINE POLK FAILLA, District Judge:

    Plaintiff Brenda Lee, who resides in Brooklyn, Kings County, New York, brings this *pro se* action, alleging that her constitutional rights were violated during certain events that occurred at Kingsborough Community College ("Kingsborough") in Brooklyn, New York. Named as Defendants are the City University of New York ("CUNY") and several individuals apparently affiliated therewith. (Dkt. #1 ("Compl."), at 4-5). Those individuals are specifically identified in the Complaint as "Mr. Toback"; "Prof. Buttaro"; "Bio II Prof."; "Dr. & Prof. Hessi, Chairman"; "Dean of Students Mr. Michael Poindexter"; and "Rebecca Carado, Human Resources Director" (the "Individual Defendants," and together with CUNY, "Defendants"). (*Id.*). By order dated January 16, 2024, the Court granted Plaintiff's application to proceed *in forma pauperis*, that is, without prepayment of fees. (Dkt. #4).

    For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. §§ 1391(c)(1), (2).

While Plaintiff does not plead the specific residence of any of the Individual Defendants, Plaintiff alleges that the events giving rise to her claims occurred at Kingsborough, which is located in Kings County, within the Eastern District of New York. (Compl. 5-6). *See* 28 U.S.C. § 112(c). Although Plaintiff does not provide an address for CUNY, the university is arguably a resident of both this District and the Eastern District of New York, given the location of its campuses throughout the New York City Metropolitan Area. Even if the Court assumes that venue in this District is proper under 28 U.S.C. § 1391(b)(1), venue in the Eastern District of New York is also proper under both 28 U.S.C. §§ 1391(b)(1) and (2), as the substantial part of the events

giving rise to Plaintiff's claims occurred at CUNY's Kingsborough campus in Brooklyn. (Compl. 5-6).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (i) the convenience of witnesses; (ii) the convenience of the parties; (iii) the locus of operative facts; (iv) the availability of process to compel the attendance of the unwilling witnesses; (v) the location of relevant documents and the relative ease of access to sources of proof; (vi) the relative means of the parties; (vii) the forum's familiarity with the governing law; (viii) the weight accorded to the plaintiff's choice of forum; (ix) trial efficiency; and (x) the interest of justice, based on the totality of circumstances. *See Keitt* v. *N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co.* v. *LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where, as here, the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri* v. *United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under 28 U.S.C. § 1404(a), transfer is appropriate in this case. The underlying events occurred in Brooklyn, where Plaintiff resides and the Individual Defendants appear to be employed, and it is reasonable to expect that the relevant documents and witnesses would also be in Brooklyn.

Furthermore, because Plaintiff does not reside in this District and the operative events did not occur here, Plaintiff's choice of forum is accorded less deference. *See Iragorri*, 274 F.3d at 72. The Eastern District of New York is therefore a more convenient forum for this action, and the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co.* v. *Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. A summons shall not issue from this Court. This Order closes this case in this court.

SO ORDERED.

Dated: January 22, 2024
New York, New York

*[signature]*

KATHERINE POLK FAILLA
United States District Judge